PER CURIAM:
The above claims against the Department of Corrections, submitted upon the pleadings by agreement of the parties, have been consolidated by the Court for determination.
Claimant provided services to ill inmates of the West Virginia State Penitentiary for a period of one fiscal year divided into quarters for payment purposes. These claims arose because of an agreement made by the hospital and Warden Bordenkircher regarding a discount to the State of 10 per cent, to be applied to the last three quarters of the fiscal year. This agreement was made without following mandatory purchasing procedures, but was entered into in good faith.
A letter from J. Matthew Foreman, Assistant Commissioner of the -Department of Corrections, reveals that during the first quarter covered by the agreement, the respondent paid for all invoiced services rendered by Reynolds, a total of $31,564.81 (reflecting a $3,507.27 discount). During the second quarter, the respondent paid all invoices for medical services in the sum of $32,247.13 (reflecting a $3,583.17 discount). In the third and final quarter of the agreement, the respondent *322 lacked funds to pay for any services provided by claimant, and was not, therefore, entitled to a discount. The total of services provided during this period was $63,873.86.
In addition to the medical services, the claimant provided 4,256 meals at a cost of $24,216.64. The respondent made no payment for the meals.
The respondent accepts as a valid obligation to the claimant the amount of $88,090.50, which represents the unpaid medical services ($63,873.86) and the unpaid meal services ($24,216.64). Because no payment was made during the final quarter, no discount is involved. The respondent contends, however, that because the agreement was followed for the first two quarters, the respondent does not owe the $7,090.44 discounted during that period.
The total amount claimed by claimant in these two cases is $95,180.94. The respondent accepts as valid all but the $7,090.44 discount. By individual claim, the respondent admits as true and valid all of Claim CC-82-212a ($79,281.45) and part of Claim CC-82-212b ($8,809.05), for a total of $88,090.50, stating also that sufficient funds were not available in its appropriation for that fiscal year from which the obligation could have been paid.
From the evidence, the Court determines that the agreement is not a valid contract inasmuch as the respondent’s representative signed the document without authority to do so. Therefore, the claimant is entitled to the full reasonable value of its services, viz., the sum of $95,180.94, and the respondent is not entitled to the benefit of the discount which it would have received had it made timely payment of the obligations.
While these claims are ones which in equity and good conscience should be paid, awards cannot be made, based on our decision in Airkem Sales and Service, et al. v. Dept. of Mental Health, 8 Ct.Cl. 180 (1971).
Claims disallowed.